

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00338-CR

Maya Kaylea Ann **ANDERSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CR-10541
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: August 26, 2020

DISMISSED

The trial court's certification in this appeal states "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; Rule 25.2(a)(2) applies. *See* TEX. R. APP. P. 25.2(a)(2).

This court must dismiss this appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." *Id.* R. 25.2(d); *see Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

On July 23, 2020, we notified Appellant that this appeal would be dismissed under Rule 25.2(d) unless an amended trial court certification showing that Appellant has the right of appeal is made part of the appellate record by August 24, 2020.  *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174, 176 (Tex. App.—San Antonio 2003, no pet.).

On August 19, 2020, Appellant's court-appointed appellate counsel conceded that this court has no choice but to dismiss this appeal.

Considering Rule 25.2(d)'s requirements, the record, and Appellant's response, we dismiss this appeal.  *See* TEX. R. APP. P. 25.2(d); *Dears*, 154 S.W.3d at 613.

Appellant also asked this court to decide this matter as soon as possible so that Appellant may be released from the Bexar County Detention Center to enter a drug treatment program. Appellant's request is granted.  We direct the clerk of this court to issue the mandate immediately. *See* TEX. R. APP. P. 18.1(c).

PER CURIAM

Do not publish